[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 347.]

THE STATE EX REL. QIBLAWE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Qiblawe v. Indus. Comm*., 2002-Ohio-4759.]

*Workers' compensation—Application for scheduled loss compensation under R.C. 4123.57(B) based on traumatic amputation of long finger allowed by Industrial Commission—Additional scheduled loss award sought for surgical removal of index finger for reattachment at long finger amputation site—Court of appeals' judgment affirming Industrial Commission's denial of amputation benefits for surgical amputation affirmed—Claimant still has useful, viable index finger even though not at its original site.*

(No. 2001-1946—Submitted July 24, 2002—Decided September 25, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-15.

_____

**Per Curiam**.

{¶1} Appellant-claimant Tracy Qiblawe's right long finger was amputated in the course of and arising from her employment with appellee Flexible Personnel, Inc., d.b.a. Staffmark, Inc. A workers' compensation claim was allowed, and she received a scheduled loss award for that finger under R.C. 4123.57(B).

{¶2} On a doctor's recommendation, claimant had her right index finger surgically removed and reattached at the long finger amputation site in order "to close the gap so that small objects no longer fall through [her] hand." The surgery was successful, and claimant regained most of the motion in that finger albeit at a different site.

{¶3} Claimant later sought an additional scheduled loss award for her transplanted right index finger. Appellee Industrial Commission of Ohio denied

the motion, finding that claimant still had a useful, viable index finger even though it was not at its original site. The Court of Appeals for Franklin County agreed and denied the requested writ of mandamus, prompting claimant's appeal as of right.

{¶4} *State ex rel. Welker v. Indus. Comm*. (2001), 91 Ohio St.3d 98, 742 N.E.2d 622, held that successful reattachment of a digit barred a scheduled loss award under R.C. 4123.57(B). Claimant seeks to distinguish *Welker*, arguing that she has had two amputations—the traumatic amputation of her long finger and the surgical amputation of her index finger to replace it. We reject claimant's proposed distinction and affirm the judgment of the court of appeals.

{¶5} Claimant seeks to completely eliminate successful surgical reattachment from the equation. Two amputations have resulted in the loss of only one digit. She has lost one digit but nevertheless wants compensation for two. Even if claimant's surgical-amputation rationale is given credence, the successful surgical reattachment at the long finger amputation site eliminates loss there, still leaving claimant entitled to just one award.

{¶6} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Gallon & Takacs Co., L.P.A., and Theodore A. Bowman, for appellant.

Betty D. Montgomery, Attorney General, and Dennis H. Behm, Assistant Attorney General, for appellee Industrial Commission.

Roetzel & Andress, L.P.A., Charles D. Smith and Noel C. Shepard, for appellee Flexible Personnel, Inc., d.b.a. Staffmark, Inc.

_____